[Civ. No. 30206.   Second Dist., Div. One.   Oct. 17, 1966.]

STELLA M. SANSERINO, Plaintiff and Respondent, **v.** LILLIAN SHAMBERGER, Defendant and Appellant.

William R. Mayes and John T. Revis for Defendant and Appellant.

Jaffe, Osterman & Soll and Arthur Soll for Plaintiff and Respondent.

LILLIE, J.—The parties to this appeal are partners in the operation of a beauty school business known as "Professional Institute of Beauty" under a written agreement entered into on June 6, 1962. Certain difficulties thereafter arose, and on December 29, 1964, plaintiff instituted an action to dissolve the partnership and for an accounting. Such further relief having been sought in the complaint, she obtained a temporary restraining order enjoining defendant from participating in the business. Thereafter certain stipulations were entered into and executed by the parties and their counsel. Pursuant to the first, filed on January 20, 1965, and entitled "Stipulation in re Order to Show Cause re Preliminary Injunction and Temporary Restraining Order," the application by plaintiff for a preliminary injunction was granted. The second, filed February 26, 1965, is captioned "Stipulation in re Payment of Judgment and Stay of Execution." Present counsel for defendant were thereafter substituted for her former attorney, Howard Weiner. An answer was filed by defendant on April 9, 1965; as part of a cross-complaint she sought to compel plaintiff to submit to arbitration as provided in the partnership agreement. Further, by separate written motions, she asked that the orders predicated on the two stipulations be vacated. Plaintiff then filed a "Petition to Confirm Award of Arbitrators and for Entry of Judgment" in which reference is made to the two stipulations and the purported agreement of the parties to resolve the controversy pursuant to the engagements therein.[1] At a single hearing the several matters above mentioned were heard, testimony being taken. This appeal is from a judgment which dissolved the partnership and which, after determining the amount of defendant's interest (as fixed

---

[1]The January stipulation provides in pertinent part that "pursuant to said partnership agreement" defendant has selected a named "appraiser" and that "within 10 days from the date of this order" plaintiff shall select an "appraiser," and the two "appraisers" shall thereafter select a third "appraiser" for the purpose of appraising the value of the partnership; that upon such evaluation being made, a written return of the appraised value shall be made and shall be binding upon the plaintiff; too, said value may be confirmed by the court upon defendant's petition and may be entered as a judgment against plaintiff except for the grounds set forth in section 1286.2, Code of Civil Procedure. The February stipulation provides for a stay of execution upon any judgment against plaintiff, permitting her a specified period within which to pay the sum adjudged due; it also provides that the written return of the appraised value shall be binding on defendant as retiring partner.

by the "arbitrators"), ordered payment thereof by plaintiff in installments; the judgment also denied defendant's motions to set aside the orders made pursuant to the stipulations.

■ There are four major assignments of error. It is first contended that it was reversible error to deny defendant's motion to vacate the order of January 20, 1965, because such order was vague, incomplete, and the result of judicial inadvertence. She makes this claim even though the motions were originally based on her alleged mistake, inadvertence and excusable neglect; her supporting affidavit alleged that at the time of the commencement of the present litigation she was under the care of a physician, and that she could not intelligently make any decision relating to the settlement proposals outlined by her then counsel (Mr. Weiner). However, the question of the instruments' vagueness was gone into at the hearing which resulted in the judgment appealed from. Mr. Weiner was called and testified to his conferences with defendant, and all issues otherwise raised by defendant's motions were resolved against her.

The court did not err in so ruling, there being many precedents supporting its determination. In the first place, the construction given a written instrument by the trial court must be accepted by the reviewing court if such interpretation is "equally tenable" with that accorded it by the latter court. (*Parsons* v. *Bristol Development Co.*, 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839].) The language of the stipulation seems clear enough. It provides that the evaluation of the partner's interest would be fixed by an appraisal, thus following the format (fn. 1, *supra*) set forth in the partnership agreement. Too, the stipulation was prepared by defendant's counsel after conferences with her, and it bears her signature. If the above does not constitute invited error thereby estopping defendant from asserting the present claims, it appears further that the stipulation was acted upon not only by the court but by the parties thereto. Appraisers were selected who thereafter submitted their findings. ■ A stipulation being a contract to the extent above set forth (*Palmer* v. *City of Long Beach*, 33 Cal.2d 134, 142 [199 P.2d 952]), it thus became an executed, not an executory contract. The trial court, accordingly, had the right to assume that it would be inequitable not to recognize the instruments' binding effect.[2]

[2]According to the declaration of Paul Egly, the third and "neutral" appraiser, defendant was present and actively participated in two meetings of the appraisers held in March and which collectively consumed

■ Moreover, no showing of fraud has been made, nor does defendant appear to challenge the competence of her former counsel. " 'Relief from a stipulation may be granted in the sound discretion of the trial court in cases where the facts stipulated have changed, there is fraud, mistake of fact, or other special circumstance rendering it unjust to enforce the stipulation.' " (*Gonzales* v. *Pacific Greyhound Lines,* 34 Cal.2d 749, 755 [214 P.2d 809].) In this regard, there appears to be validity to plaintiff's argument that defendant agreed to be bound by the appraisers' determination as to the value of her partnership until it became apparent that her own view of such value was not about to be accepted by the three persons involved; there then followed the present claim of mistake of fact consisting of a misunderstanding as to the nature and effect of the stipulation entered into. Under all the circumstances it cannot be said that the trial court abused its discretion in denying the motions upon all the grounds urged. (*Johnston, Baker & Palmer* v. *Record Machine & Tool Co.,* 183 Cal.App.2d 200, 208-209 [6 Cal.Rptr. 847].)

■ The second major assignment of error, which for all practical purposes is subsidiary to its predecessor, asserts that it was reversible error to deny the order of January 20 because the preponderance of admissible evidence at the full hearing on the merits supported the grounds of mistake urged under section 473, Code of Civil Procedure. Isolated items of Mr. Weiner's testimony are quoted and discussed. But it is for the trial court to determine whether evidence preponderates in favor of one party or a certain issue; such determination requires the lower court to weigh the testimony and then decide which of the conflicting versions has more convincing force. Evidence is not weighed by an appellate court, our sole function being to determine whether there is substantial evidence to support the conclusions reached by the trier of fact. Since the present point ignores this settled rule of appellate practice, it is patently unsound and, therefore, devoid of merit.

■ As her third ground of appeal, defendant contends that it was reversible error to confirm the award of "arbitrators" when pursuant to the partnership agreement there

some 10 hours of testimony and argument. At no time, according to the declaration, did defendant express any criticism of the procedure then followed. (The above declaration, part of the record below, has been transmitted to this court on our own motion.) (Rule 12, Cal. Rules of Court.)

were provisions for both an arbitration and an appraisal. Thus, under "Part One—General" it is provided that "If at any time during the existence of partnership any dispute shall arise between the partners, such dispute shall be initiated by the partners choosing arbitrators" (section 10)—provision is then made for each partner to select her arbitrator, the two thus chosen to select a third. Under "Part III—Termination of Partnership Interests," provision is made for the selection of an appraiser (section 3): "In the event that the continuing partner or partners shall exercise their option to have the value of the partnership appraised, the value shall be selected as follows: . . ." (The same procedure adopted for the selection of arbitrators is then set forth.) Defendant appears to contend that even if she consented to an "appraisal" of her interest, she did not stipulate away her right to insist that the whole dispute be thrown open to arbitration; in so doing, as observed by plaintiff in her brief, she is attempting to get "two bites at the apple." There are several considerations which militate against this claim. First, it is settled that when, as here, a general and a specific provision of a contract are inconsistent, the specific provision will control. (*Wilder* v. *Wilder*, 138 Cal.App.2d 152, 158 [291 P.2d 79].) Here we are concerned with section 3 of Part III governing termination of the partnership, not with section 10 of Part One which relates to the general operation of the business. Second, the stipulation of the parties was for the purpose of effecting a settlement of the controversy; while the use of the word "appraiser" instead of "arbitrator" might, or might not, seem unfortunate, it is highly significant that mention is therein made of section 1286.2, Code of Civil Procedure, appearing in one of the chapters devoted to arbitration proceedings: "Said value may be confirmed by this Court upon petition of LILIAN SHAMBERGER and may be entered as a judgment against STELLA M. SANSERINO except for those grounds set forth in 1286.2 of the Code of Civil Procedure, to wit, the appraisal was procured by corruption, fraud or undue means. . . ." (Indeed, the language just quoted is that found in section 1286.2.) ■ Since arbitration is favored (now more than ever) as a means of providing a summary disposition of controversies, every intendment will be indulged to give effect to such proceedings. (*Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628 [204 P.2d 37].) Third, in indulging those intendments we should not concern ourselves with technicalities:

"When an agreement provides for the determination by a third person or persons of some proper matter to be settled and that the decision shall be final, a submission to and determination by him or them of the matter is binding on the parties. That is true whether the arrangement is technically a common law or statutory arbitration or something akin thereto. [Citations.]" (*Silva* v. *Mercier*, 33 Cal.2d 704, 708 [204 P.2d 609].) ■ Finally, defendant's opening brief contains the concession that the language in the stipulation "could mean, and most probably should mean that the parties were 'agreeing' to arbitrate,' (pp. 36-37) although it is pointed out that the stipulation "goes on to make reference to and discuss an appraisal." (P. 37.) As above shown, however, it becomes immaterial (for the purposes of this case) that the word "appraisal" is thereafter used in the stipulation. ■ We conclude that defendant's right to arbitration was fully satisfied by the appraisal procedures carried out in her presence and resulting in a determination freely and fairly arrived at.

■ Nor is there any merit to defendant's final point that the court abused its discretion in predicating its judgment upon the consent of the parties and by rendering a judgment that exceeded the scope of the agreement contained in the subject stipulations. Judgments by consent or stipulation are recognized in California. (28 Cal.Jur.2d pp. 632, et seq.) Defendant renews her argument that her consent was not obtained due to her alleged misunderstanding as to the effect of the stipulation she signed; but by a substantial showing that claim has been decided against her, and we shall discuss it no more. Nor did the court exceed the scope of the stipulation which provided for the entry of judgment against plaintiff in an amount finally fixed by the appraisers. Plaintiff properly moved for confirmation of such award and for entry of judgment in the exact sum stated therein. Defendant could have, and under the stipulation was expressly permitted to, invoke section 1286.2, Code of Civil Procedure; she could also have filed a responsive pleading to plaintiff's motion by asking the court to correct or vacate the award (Code Civ. Proc., § 1285.2) in which event she would have had to state the grounds upon which such relief was sought. (Code Civ. Proc., § 1285.8.) While she did file a "Rebuttal" to the petition, she again raised the question of mistake of fact and she also urged that the panel of appraisers was not a board of arbitration in the *true* statutory sense. Our previous discussion of such

points has resulted in a determination adverse to these contentions; accordingly, they need not be repeated.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 3, 1966.