[Civ. No. 2395. Fifth Dist. Apr. 16, 1975.]

TURNER GAS COMPANY, INC., et al., Petitioners, v.
WORKMEN'S COMPENSATION APPEALS BOARD, STATE
COMPENSATION INSURANCE FUND et al., Respondents.

COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen and I. H. Hirsch for Petitioners.

T. Groezinger, James J. Vonk, George S. Bjornsen and Glenn W. Groenewold for Respondents.

OPINION

**GARGANO, J.**—This litigation centers on an award made to an injured workman; however, his rights are not in question; neither side asserts that the injured workman was not entitled to the award or that the award was excessive. The litigation is between two insurance carriers and presents, primarily, a fundamental procedural question.

The pertinent facts are undisputed.

Ernest Kinney was employed by the Turner Gas Company from October 1, 1956, to July 7, 1972, as a delivery truck driver to supply the company's customers with propane gas; his duties, among others, included the installation of tanks and the lifting and pulling of hoses weighing up to 100 pounds. Because of the lifting and pulling, Kinney had recurrent back problems during the period of his employment.

On July 7, 1972, Kinney, whose back had been bothering him severely for about 10 days, was pulling a heavy hose when suddenly the pain in his back stopped and a "screaming," excruciating pain developed in his left leg. Sometime later he underwent a laminectomy performed at the L5 vertebral level, and "a classic total nuclear extrusion was identified on the left and treated by total excision of the nucleal material and debridement of the lumbrosacral disc space."

On October 24, 1972, Kinney filed an application for adjudication of claim with the Workmen's Compensation Appeals Board. The application (Case No. 72 F 26735) alleged that the applicant's disability was caused by a continuous trauma to the back occurring during the period and in the course of his employment with the Turner Gas Company; the Continental Casualty Company, hereinafter referred to as petitioner, the State Compensation Insurance Fund, hereinafter referred to as respondent, and the Wilshire Insurance Company at different times during the period of Kinney's employment were the employer's insurance carriers and were all named as defendants in the application.

In early 1974, Kinney filed a second application for adjudication of claim. The genesis of this application (Case No. 74 F 29081) was an alleged specific injury to the back occurring on July 7, 1972; respondent was the employer's insurance carrier at the time of the alleged accident and was the only insurance company named in the application.

On April 15, 1974, Kinney and respondent, in Case No. 74 F 29081, stipulated that on July 7, 1972, Kinney sustained a compensable injury in the course of his employment. On the same day the referee ordered the application in that case be consolidated for hearing with the application in Case No. 72 F 26735 and that all evidence received in one case be received in the other "insofar as it is relevant and material." Then, the consolidated applications were submitted to the referee for decision on the basis of the testimony of the applicant and the medical reports of Doctors Owen R. Walker and Marvin H. Lipton. Dr. Walker was the orthopedic surgeon who operated on appellant in 1972, and he reported, in essence, that Kinney's disability was due to a progressive degenerative

process over a prolonged period of time and that the final trauma which occurred on July 7, 1972, "constituted no more than a single trauma in a long series of earlier episodes." Dr. Lipton examined the applicant six months after the July 7th incident, and in a preliminary report said that the incident "lit up the underlying problem" and was no more than 30 percent responsible for Kinney's disability; in his final report, the doctor was of the opinion that Kinney's present level of disability was due directly to the microtraumas which accumulated over 16 years of employment and that the *remaining 25 percent was attributable to an incident of viral neuritis occurring in 1963.*

On June 10, 1974, the referee determined in Case No. 74 F 29081 that the applicant did not sustain a specific injury on July 7, 1972; he rejected the stipulation of the parties as to the occurrence of a specific injury on that date and ordered Kinney to take nothing in that case. In Case No. 72 F 26735, the referee found that applicant sustained a cumulative injury to his back during the period of his employment with the Turner Gas Company and that the cumulative injury culminated in disability on July 7, 1972; he gave Kinney a 36½ percent permanent disability rating and ordered petitioner and the Wilshire Insurance Company "to make pro-rata reimbursement to State Compensation Insurance Fund for indemnity and medical expenses voluntarily paid. . . ."

On June 28, 1974, petitioner petitioned the Workmen's Compensation Appeals Board for reconsideration; the petition was denied. Petitioner has applied to this court for relief, alleging that the referee did not have good cause to disregard the stipulation which was made in Case No. 74 F 29081 and that petitioner was denied due process of law.

The referee rejected the stipulation in question because he accepted the medical opinion of Dr. Walker, the operating surgeon; he said he discounted Dr. Lipton's preliminary opinion that the July 7th incident was the cause of the applicant's disability because the applicant's medical history showed that Kinney had experienced some pain and numbness in his left leg and foot on other occasions and because the preliminary opinion was superseded by the doctor's final report in which he made no reference to the alleged specific injury. ■ While stipulations between adversary parties concerning the existence or nonexistence of material facts are permissible in workmen's compensation cases, the stipulations are not binding on the appeals board or the referee; the board or referee, as here, may reject a stipulation and base the decision on the evidence presented at the hearing. (Lab. Code, § 5702; *Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56, 58 [159 P. 150];

*Pacific Indemnity Co.* v. *Ind. Acc. Com.*, 86 Cal.App.2d 726, 735 [195 P.2d 919]; *Ocean A. & G. Corp.* v. *Indus. Acc. Com.*, 88 Cal.App. 369, 371 [263 P. 823].)

█ We turn to petitioner's contention that it was denied due process of law; it asserts that it was not notified of the referee's intention to disregard the stipulation which was made in Case No. 74 F 29081 and was not given the opportunity to present evidence on the specific injury issue.

Respondent does not deny that petitioner was not given notice of the referee's intention to disregard the stipulation. Nor does respondent assert that it would have been proper for the referee to reject the stipulation which was made in Case No. 74 F 29081 without first giving the stipulating parties notice and the opportunity to present evidence. Respondent insists that petitioner has no standing to object because the stipulation was not signed by petitioner and was filed in connection with an application to which petitioner was not a party.

Respondent's argument that petitioner was not entitled to notice and the opportunity to be heard merely because petitioner did not sign the stipulation and was not a party to Case No. 74 F 29081 is untenable. A stipulation on a material fact is treated as evidence in the nature of an admission (*Nungaray* v. *Pleasant Valley etc. Assn.*, 142 Cal.App.2d 653, 666-667 [300 P.2d 285]), and in his order of consolidation the referee stated that all evidence received in one case was received in the other "insofar as it [was] relevant and material." (See also Cal. Admin. Code, tit. 8, § 10590.) Because the stipulation, and hence the admission, would have reduced the extent of petitioner's liability in Case No. 72 F 26735, it was "relevant and material" evidence in both cases.

However, a distinction should be drawn between stipulating parties and one who was not a party to a stipulation. The stipulating parties are, in the broad sense, contracting parties (*Palmer* v. *City of Long Beach*, 33 Cal.2d 134, 142 [199 P.2d 952]; *Sanserino* v. *Shamberger*, 245 Cal.App.2d 630, 633 [54 Cal.Rptr. 206]; *L. A. City Sch. Dist.* v. *Landier Inv. Co.*, 177 Cal.App.2d 744, 750 [2 Cal.Rptr. 662]), and, arguably, due process dictates that they always must be given notice and the opportunity to present evidence on a material fact covered by the stipulation before it is disregarded. (*Leonard* v. *City of Los Angeles*, 31 Cal.App.3d 473, 477-478 [107 Cal.Rptr. 378]; *L. A. City Sch. Dist.* v. *Landier Inv. Co., supra*, 177 Cal.App.2d 744, 750; *Warburton* v. *Kieferle*, 135 Cal.App.2d 278, 286 [287 P.2d 1].) But a litigant who did not sign a stipulation is not a party to

the contract, and he is not shielded, automatically, by the due process clause. ■ Nevertheless, stipulations are designed to expedite trials and hearings, and a party who has not signed the stipulation justifiably may take advantage of any admission contained therein. Accordingly, he has standing to complain if a stipulation subsequently is rejected by the referee in light of all of the evidence *and* if he relied upon it to his detriment; as to nonstipulating parties, actual reliance upon a stipulation is the essential ingredient to a successful claim of lack of due process.

■ Petitioner has not shown that it was denied due process in this case. The first application for adjudication of claim was filed on October 24, 1972, and was predicated on a continuous trauma to the injured workman's back occurring during the entire period of employment. On the other hand, the second application was not filed until the early part of 1974 and was protective in nature; it apparently was filed to make certain that the applicant had "touched all bases." Furthermore, the stipulation to the effect that the applicant sustained a specific injury on July 7, 1972, was entered into on the very day that the applications were consolidated for hearing and just before the hearing commenced; at that time, petitioner must have known that Dr. Lipton's preliminary opinion that Kinney sustained a compensable specific injury on July 7th had been superseded by the doctor's final report in which the specific injury was not mentioned. Yet, there is nothing in the record to suggest that when the hearing commenced petitioner was prepared to present any other medical evidence on the specific injury issue and that it neglected to do so because it was misled by the stipulation. If anything, petitioner's petition for reconsideration demonstrates that petitioner had no other medical evidence to present.

Petitioner argues that if the referee had announced his intention to disregard the stipulation, it would have "developed and emphasized" the facts by way of cross-examination. The argument ignores the only pertinent medical evidence presented at the hearing; one doctor unequivocally was of the opinion that the applicant's disability was caused by a series of traumas occurring over the entire period of employment; the other doctor's two reports at best were contradictory. Presumably, petitioner knew that the referee was not bound to accept the stipulation and that he probably would reject it in view of the medical evidence; petitioner should have protected its interests by developing and emphasizing all facts favoring its position. Clearly, the filing of the stipulation in question did not relieve petitioner of its own duty to clarify, if possible, Dr. Lipton's confusing and inconsistent medical reports.

Petitioner's argument is untenable for another reason. In its petition for reconsideration, petitioner did not demonstrate what evidence it could have developed and emphasized by way of cross-examination. Neither did petitioner attempt to show what new evidence it was prepared to present on the specific injury issue if the petition for reconsideration were granted. If petitioner had information to show that Dr. Lipton's initial report was still viable, and if it had other relevant medical evidence to present on the issue, petitioner should have so stated or made an appropriate offer of proof in its petition for reconsideration. (See *Montez* v. *Superior Court,* 10 Cal.App.3d 343, 351 [88 Cal.Rptr. 736]; cf. Cal. Admin. Code, tit. 8, § 10856.)

The order denying reconsideration is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied June 11, 1975.