[Civ. No. 20574. Third Dist. June 12, 1981.]

FRANCES DINONG et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
KAISER FOUNDATION HOSPITALS et al., Real Parties in
Interest.

COUNSEL

Matheny, Poidmore & Sears and Anthony J. Poidmore for Petitioners.

No appearance for Respondent.

Lewis, Archer & McComas and Willis F. McComas II for Real Parties in Interest.

OPINION

**PARAS, Acting P. J.**—The issue in this proceeding for extraordinary relief is whether parties to an arbitration contract[1] must each designate as their arbitrator a person who is neutral with regard to the subject controversy.

Respondent court, in response to motions by each party seeking disqualification of the other's nominated arbitrator, entered an order disqualifying both on the ground that they lacked impartiality. Respondent thereafter denied a motion for reconsideration. This petition followed.

The arbitrator nominated by petitioners (plaintiffs in the underlying medical malpractice action and one party) is a Sacramento trial attorney who has frequently represented plaintiffs in medical malpractice actions, and more specifically has participated in such actions against the present principal defendants (the other party). The arbitrator nominated by defendants (and real parties in interest) is an attorney whose firm is active in the representation of the principal defendants, Kaiser Foundation Hospital and Kaiser Permanente Medical Group.

The disqualification motions asserted various of the grounds set forth in Code of Civil Procedure section 170, relating to disqualification of judges. Applicability of that section was urged on the basis of Code of Civil Procedure section 1141.18, subdivision (d), which of course is included within the Code of Civil Procedure sections dealing with judicial arbitration. Respondent court, in making its challenged decisions, expressly refused to hold the statutory disqualification procedure applicable; instead, it found support for its order in the reciprocal duty of good faith and fair dealing implicit in all contracts.

As to contractual arbitration, Code of Civil Procedure section 1281.6 states that where "the arbitration agreement provides a method of appointing an arbitrator, such method shall be followed." It is further provided in section 1282 that arbitration shall be conducted by a neutral arbitrator alone or in conjunction with other neutral or nonneutral arbitrators. "[*u*]*nless the arbitration agreement otherwise provides.*"

[1]The arbitration clause of the contract provides: "Claimant and respondent shall each designate an arbitrator and give written notice of such designation to the other party . . . . The two arbitrators so selected shall select a neutral arbitrator and give notice of this selection to claimant and all respondents served."

(Italics in original.) (*Graham* v. *Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 822 [171 Cal.Rptr. 604, 623 P.2d 165].) Nothing in the Arbitration Act prohibits parties to a contract of arbitration from selecting an arbitrator "who, by reason of relationship to a party or similar factor, can be expected to adopt something other than a 'neutral' stance in determining disputes." (*Id.*, at p. 824.) The contract between the parties here includes no requirement of neutrality or impartiality; on the contrary it gives each party an unqualified right to nominate anyone as an arbitrator.

In dealing with arbitration under a shareholder's agreement, the Court of Appeal for the First District (Div. One) upheld the right of a party to appoint as his arbitrator a person not neutral and not impartial. (*Tipton* v. *Systron Donner Corp.* (1979) 99 Cal.App.3d 501, 505 [160 Cal.Rptr. 303].) Accepting the reasoning of that case, we hold that respondent abused its discretion in ordering the disqualification of the nominated arbitrators. A writ of mandamus may properly issue to correct such abuse.

Application for the writ herein was made on due notice to all parties and real parties have filed opposition thereto. We are thus empowered to issue a peremptory writ in the first instance without an alternative writ. (Code Civ. Proc., § 1088; *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].) Accordingly, let a peremptory writ of mandate issue directing respondent court to vacate its order disqualifying the designated arbitrators and to deny both motions for disqualification.

Blease, J., and Carr, J., concurred.