[No. B001288. Second Dist., Div. Five. Feb. 15, 1984.]

KERSTIN GOOD, a Minor, etc., et al., Plaintiffs and Appellants, v.
KAISER FOUNDATION HOSPITAL et al., Defendants and Respondents.

COUNSEL

Sherman & Nordstrom and Russell E. Nordstrom for Plaintiffs and Appellants.

Thelen, Marrin, Johnson & Bridges, Wendell R. Mortimer, Jr., and Susan H. Schmid for Defendants and Respondents.

OPINION

**HASTINGS, J.**—This is an appeal from an order denying appellants' motion to vacate an arbitration award in favor of respondents Kaiser Foundation Hospital et al.

## Facts

This action arose as a result of the death of appellants' decedent, Valerie Good. On July 1, 1976, Mrs. Good entered the Kaiser Foundation Hospital in West Los Angeles and gave birth to a baby girl without complications. Both Mrs. Good and the baby were discharged from the hospital on July 4. On July 6, Mrs. Good returned to the hospital emergency room complaining of fever, aches, abdominal pain and vaginal discharge. The emergency room physician removed placential fragments from her vagina and sent her home. Mrs. Good returned the next day with the same symptoms, and was admitted to the hospital.

Mrs. Good was treated with antibiotics which were ineffective. A dilation and currettage (D&C) was performed on July 10. Mrs. Good's condition worsened and on July 12 she died.

On May 12, 1977, appellants, the husband and daughter of Mrs. Good, brought an action for medical malpractice, negligence and wrongful death against respondents, the hospital and various doctors who had treated Mrs. Good. As an affirmative defense, respondents asserted that appellants' claim was subject to arbitration, as provided in the written agreement signed by appellant Jerry Good when he became a member of the Kaiser Foundation Health Plan. The parties stipulated to a stay of the court proceedings pending completion of the arbitration.

The written agreement provided that the arbitration was to be conducted by a three-member panel. Each party was to select one member, and the two members selected by the parties would choose a third "neutral" member. Appellants selected Attorney Darryl Forgey, respondents selected Attorney Thomas C. Waterhouse, and the two in turn selected the Hon. Richard Fildew to act as the third and neutral arbitrator.

Among the expert witnesses called by appellants was John M. Marshall, M.D., chief of obstetrics and gynecology at Harbor/UCLA Medical Center. Dr. Marshall testified that respondents' treatment of Mrs. Good did not meet the requisite standard of care because respondents did not perform the D&C in a timely manner and did not perform a hysterectomy when that procedure was indicated by Mrs. Good's symptoms.

When the arbitration hearing adjourned for the day following Dr. Marshall's testimony, appellant Jerry Good and appellant's counsel observed Mr. Waterhouse, the arbitrator appointed by respondents, engaging in a conversation with Dr. Marshall. By way of a declaration submitted to the

court below, Dr. Marshall related the substance of this conversation as follows:

". . . I was approached by Thomas Waterhouse, Esq., the Arbitrator designated by Kaiser Foundation Hospitals, who engaged me in conversation.

"Mr. Waterhouse stated that he believed my testimony correctly reflected the standard of care at a major medical center such as Harbor General but he then tried to persuade me that this standard would not apply to an 'average' facility such as KAISER. Inasmuch as this was the crucial point about which I had testified, I told Mr. Waterhouse that I could not agree with his opinion. At this point, we were approached by Mr. Nordstrom, plaintiff's counsel, in the company of Mr. Good, one of the petitioners, and the conversation stopped." Mr. Waterhouse submitted a declaration stating that he may have "exchanged pleasantries" with Dr. Marshall but he did not discuss the merits of the case.

The arbitrators rendered a unanimous decision in favor of respondents. Appellants petitioned to set aside the award on the ground that the actions of arbitrator Waterhouse constituted prejudicial misconduct. The court denied the petition and this appeal followed.

## DISCUSSION

■ The sole grounds for setting aside an arbitration award are set forth in Code of Civil Procedure section 1286.2. Appellants rely on subdivision (c) of that section which provides that the court shall vacate an arbitration award if it determines that the rights of the complaining party "were substantially prejudiced by misconduct of a neutral arbitrator." That section does not aid appellants here, for two reasons.

First, the section applies only to neutral arbitrators, and not those selected by a party. The California Law Revision Commission, in its study and recommendations made prior to the adoption of section 1286.2, recognized that party-appointed arbitrators are rarely "neutral":

"When a tripartite arbitration board is appointed, it is usually composed of a representative of each of the contending parties and a third arbitrator chosen by the other two or by some other pre-determined procedure. The third arbitrator, who is the neutral arbitrator, often acts as the chairman of the board. *In this type of arbitration only the neutral arbitrator is an impartial party and an arbitrator in the usual sense. The arbitrators representing the parties frequently behave more like advocates than arbitrators.*

The practice of referring to 'arbitrator' as including both the party arbitrators and the neutral arbitrators leads to confusion as to their functions and responsibilities. . . .

"It is suggested that California should distinguish the arbitrators by their titles. The arbitrator appointed by both parties, or by the two arbitrators chosen by the parties, . . . should be designated the 'neutral arbitrator' and . . . [t]he arbitrators representing the parties should be designated 'party arbitrators.' Such designations will clearly identify the role of each of the appointees." (3 Cal. Law Revision Com. Rep. (1960) p. G-42; italics added.)

Appellants contend that the conduct of Waterhouse tainted the arbitration proceedings because it revealed that Waterhouse was biased in favor of respondents. ■ However, "[a] special relationship between the non-neutral arbitrator and his client is implicit in the nature of the tripartite format here freely adopted by the parties." (*Tipton* v. *Systron Donner Corp.* (1979) 99 Cal.App.3d 501, 506 [160 Cal.Rptr. 303]; see also *Dinong* v. *Superior Court* (1981) 120 Cal.App.3d 300, 303 [174 Cal.Rptr. 590].) ■ The report of the California Law Revision Commission cited above suggests that party-appointed arbitrators are not expected to be neutral, and that the word "neutral" in Code of Civil Procedure section 1286.2, subdivision (c) was carefully chosen. There is no evidence of misconduct or impropriety (nor was any such misconduct suggested) on the part of Judge Fildew, the neutral arbitrator in this proceeding.

Secondly, "[f]or the claimed departure from the usual procedure to amount to misconduct of the arbitrators sufficient to vacate the award, it must be shown that it prejudiced the rights of one of the parties." (*Turner* v. *Cox* (1961) 196 Cal.App.2d 596, 603 [16 Cal.Rptr. 644].) Appellants have not made the requisite showing of prejudice here. Their contention that Mr. Waterhouse should not have engaged in an extrajudicial conversation with Dr. Marshall is correct, but they have failed to show how they were harmed by this conduct. The only thing revealed by the conversation is that a party arbitrator appointed by the defendants disagreed with an expert witness called by the plaintiffs, something which should come as no surprise.

In his declaration, Judge Fildew, the neutral arbitrator, states that the arbitrators "met and deliberated, resulting in a unanimous award in favor of all respondents. The deliberations and the decision were based solely upon the evidence presented and received at the arbitration hearing and the decision is fully supported by such competent evidence." Appellants have not presented any evidence which proves otherwise.

The order of the trial court is affirmed.

Feinerman, P. J., and Ashby, J., concurred.