[Civ. No. 15948.   Second Dist., Div. Three.   Mar. 4, 1948.]

M. M. MILSTEIN, Respondent, v. LAURA E. OGDEN et al., Appellants.

Bush & Hoffman, McAllister & Johnson and A. B. Reynolds for Appellants.

Joe Wapner for Respondent.

WOOD, J.—This is an action on a judgment. The Superintendent of Banks of California obtained a judgment in Yolo County against defendants Laura E. Ogden and her son and daughter, Fred R. Ogden and Laura R. Hiatt. Plaintiff purchased the judgment and commenced this action as assignee. Defendants made a motion to dismiss the action,

as hereinafter stated, which motion was denied. A judgment by default was entered herein against Fred Ogden and Laura Hiatt, but not against Laura Ogden. Thereafter, the defendants filed a notice of motion to quash service of summons, set aside the default judgment, and dismiss the action. This appeal is from an order denying said second motion.

This action was filed in Los Angeles County on November 24, 1943, at which time the summons was issued. On April 15, 1946, Laura Hiatt was served with a copy of the summons and a document which was a copy of the original complaint, except that a copy of the verification which was on the original complaint was not included in that document. In lieu of a copy of the verification, the words "original verified" appeared on the document which was served. On April 27, 1946, Fred Ogden was served with a copy of the summons and a purported copy of the complaint, which copy was identical with the one served on Laura Hiatt. On May 3, 1946, the three defendants filed a notice of motion to dismiss the action on the ground that there had been an unreasonable delay in serving the summons. In support of the motion, affidavits were made by Fred Ogden and Laura Hiatt to the effect that defendants were well-known in Yolo County, and that plaintiff knew, or could easily have ascertained, the whereabouts of defendants, but made no effort to serve them until March 28, 1946. Said motion came on for hearing on May 8, 1946, at which time it was submitted, and the defendants, by stipulation, were given 15 days after notice of ruling on the motion, if it should be adverse to them, to appear in the case and plead. On May 9, 1946, the motion was denied. Defendants thereafter filed no pleading. On June 6, 1946, the defaults of defendants Fred Ogden and Laura Hiatt were entered, and on June 13, 1946, a judgment by default was entered against them. On December 9, 1946, the three defendants filed their notice of motion to quash service of summons, set aside the default judgment, and dismiss the action. Notice of motion, which was supported by affidavits of all three defendants, was made upon the grounds that more than three years had elapsed since the filing of the complaint, and that the court had never obtained jurisdiction over any of the defendants, in that, Laura Ogden had not been served with a copy of the complaint and summons, and that the purported copies of the complaint which were served upon Fred Ogden and Laura Hiatt were not copies of the complaint

filed in the action because they did not include a copy of the verification which appeared on the original complaint, but in lieu thereof the words "original verified" appeared thereon. The motion came on for hearing on December 18, 1946, at which time it was denied. On December 26, 1946, the default of Laura Ogden was entered. On January 18, 1947, defendants filed their notice of appeal from the order denying their motion to quash service of summons, set aside the default judgment, and dismiss the action.

Appellants contend that true copies of the complaint were not served upon them, and therefore the trial court acquired no jurisdiction over them. Respondent contends that, irrespective of the sufficiency of the service, appellants, by their first motion to dismiss the action, made a general appearance and that they thereby submitted to the jurisdiction of the court. Appellants stated in their first motion to dismiss that their appearance was made "solely and specifically for the purpose of the motion and for no other purpose," and asked the "Court for an order" dismissing the action. ■ The nature of the appearance made, however, is not determined by the intentions of the party making the motion. Whether an appearance is general or special depends upon the relief sought. ■ It was stated in *In re Clarke*, 125 Cal. 388 [58 P. 22], at page 392: "On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure on it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material." (See also *Raps* v. *Raps*, 20 Cal.2d 382, 385 [125 P.2d 826].)

The first motion to dismiss herein was made upon the sole ground, as above stated, that there had been an unreasonable delay in serving the summons. Section 581a of the Code of Civil Procedure, provides ". . . all actions . . . must be dismissed by the court . . . on its own motion, or on motion of

any party interested therein . . . unless the summons shall be served and return thereon made within three years after the commencement of said action." Appellants made their motion about two and one-half years after the action had been commenced, and about six months before the court would have been required, under section 581a, to dismiss the action if the summons had not then been served and return thereon made. ▮ A motion to dismiss on the ground that there has been an unreasonable delay in service of summons, which motion is made before the expiration of three years after the commencement of the action, is within the sound discretion of the trial court. (*Witter* v. *Phelps,* 163 Cal. 655, 656-7 [126 P. 593]; *Forneris* v. *Krell,* 69 Cal.App.2d 280, 284 [158 P.2d 937].) The order of the court on appellants' said motion is final, and there is no issue on this appeal concerning the correctness of the ruling. As to that motion, the only issue on this appeal is as to the nature of the appearance.

▮ At the time the first motion to dismiss was made the appellants made no motion to quash service of summons. Prior to the time that motion was filed each appellant, Fred Ogden and Laura Hiatt, had been served with a copy of summons and a document which they refer to as a "purported copy" of the complaint. At the hearing on that motion appellants raised no question as to the sufficiency of service but sought to invoke the discretionary power of the trial court to terminate the action for an alleged unreasonable delay in service of summons. Appellants thereby made a general appearance. ▮ A defendant who desires to stand upon the ground that the court is without jurisdiction over his person must specially appear for that purpose only and ask nothing further. (*Leaper* v. *Gandy,* 22 Cal.App.2d 475, 478 [71 P.2d 303]; *Olcese* v. *Justice's Court,* 156 Cal. 82, 87 [103 P. 317].)

In the case of *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361], the defendant made a motion to dismiss the action for want of prosecution under section 583 of the Code of Civil Procedure, which section provides that upon motion of the defendant the court "shall" dismiss an action which has not been brought to trial within five years after the plaintiff filed the action. The court therein stated that the provisions of said section were not so rigid as to be without exception and concluded that the action should not be dismissed. In holding that the motion to dismiss therein constituted a gen-

eral appearance, the court stated, at page 13: " 'In the instant case we are impressed that petitioners in seeking a dismissal of the case, pursuant to the provisions of section 583 of the Code of Civil Procedure, were invoking the affirmative action of the court in their behalf to terminate the litigation. How they could apply for the relief asked on any other theory than that they were submitting themselves to the general jurisdiction of the court in the action is not apparent to us, because the relief they sought was such as could be given only to a party in a pending case.' "

Appellants contend that there is a distinction between the Judson case and the present case, in that, the motion to dismiss in the Judson case was made under section 583 of the Code of Civil Procedure, which section they assert presupposes an appearance on the part of defendants. There is no merit in that contention. Section 583 formerly provided that an action should be dismissed if not brought to trial within five years "after the defendant has filed his answer," but in 1933, that portion of the section was amended to read that the action should be dismissed if not brought to trial within five years "after the plaintiff has filed his action." The Legislature thereby removed the limitation which made the relief available only to defendants who had filed answers.

One of the cases relied upon by appellants is *Anderson* v. *Nawa,* 25 Cal.App. 151 [143 P. 555], wherein the court held that an appearance to make a motion to dismiss under section 581a of the Code of Civil Procedure was a special appearance. That case, however, was expressly disapproved by the Supreme Court in *Judson* v. *Superior Court, supra.* Appellants also cite the case of *Linden Gravel Mining Co.* v. *Sheplar,* 53 Cal. 245, wherein the defendant made a motion to dismiss on the ground the summons had not been issued within the prescribed statutory period, and the court held that such appearance was not a general appearance. That case was overruled by the Supreme Court in *Judson* v. *Superior Court, supra.*

It was held in the case of *Brock* v. *Fouchy,* 76 Cal.App.2d 363 [172 P.2d 945], that the appearance of one of the defendants therein for the purpose of making a motion to quash service of summons and to dismiss the action was a special appearance. The motion was made on the grounds that summons had not been issued within one year from the commencement of the action, and that the defendant had not

appeared in said action. Said motion was made three years and one day after the action had been commenced. Section 581a of the Code of Civil Procedure provides that a court must dismiss an action, on its own motion, or on the motion of any party interested therein, "unless summons shall have issued within one year" after the commencement of the action; except when an appearance has been made by the defendant within three years after the commencement of said action. In that case, not only had the statutory period of one year expired in which the summons could have been issued, but defendant had not appeared either generally or specially until after the statutory period of three years had expired in which service could have been made. The statutory requirements having been met, the court was required to dismiss the action. In determining that said appearance was special, the court therein applied the rule stated in *In re Clarke, supra,* which was followed in the case of *Judson* v. *Superior Court, supra,* and apparently concluded that the defendant had appeared and objected "only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant."

In the present case the defendants did not, at the time of making the first motion, base their objection to consideration of the case or any proceeding in it on the ground that the court had not acquired jurisdiction of the persons, but made the motion solely on the ground that there had been an unreasonable delay in service of summons.

In view of the above conclusions, it is not necessary to discuss appellants' contention that the service of copies of the summons and the complaint made upon Fred Ogden and Laura Hiatt was not sufficient.

That portion of the appeal relating to the motion to quash service of summons need not be discussed since no appeal lies from an order denying such a motion. (*Saroff* v. *Saroff,* 66 Cal.App.2d 330 [152 P.2d 333]; *Mertens* v. *Keene,* 77 Cal.App. 786, 789 [247 P. 543].)

The appeal from the order denying the motion to quash service of summons is dismissed. The order denying the motion to set aside the default judgment and dismiss the action is affirmed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.