[Civ. No. 3943. Fourth Dist. Sept. 21, 1949.]

C. C. PEASE, Appellant, v. CITY OF SAN DIEGO, Respondent.

C. C. Pease for Appellant.

J. F. DuPaul, City Attorney, and Thomas J. Fanning. Deputy City Attorney, for Respondent.

MUSSELL, J.—This is an appeal from a judgment and order dismissing an action under the provisions of section 581a of the Code of Civil Procedure.

Plaintiff brought this action on October 1, 1941, to quiet his title to real property in San Diego. Summons in the action was served on the defendant city of San Diego on September 19, 1944, but it was not returned to the court until October 17, 1944.

On October 13, 1944, the city filed a motion to dismiss the action pursuant to the provisions of section 581a of the Code of Civil Procedure upon the ground that the summons had not been returned within three years after the commencement of the action. This motion was denied by the trial court and on December 11, 1944, the city filed in this court a petition for a writ of prohibition, based on the contention that the superior court had lost jurisdiction to proceed with the case since summons had not been returned within three years. That petition was denied, without opinion, on December 19, 1944. The city then filed a petition for hearing in the Supreme Court which was denied on February 15, 1945. In the meantime, and on December 21, 1944, on application of the plaintiff, the clerk of the trial court entered the default of the city.

On February 26, 1945, the city served on plaintiff, and filed in the clerk's office, a notice of motion to set aside its default together with its answer in which the city, among other matters, alleged that the court was without jurisdiction to proceed with or try any of the issues contained in the complaint. On March 13, 1945, the trial court entered an order granting the motion to set aside the default of the city and the judgment which had been entered thereon, but reserved for future consideration the question as to the jurisdiction of the court to proceed with the action. The court further ordered the city's answer filed, and that the action be consolidated with one which had been filed by the city against plaintiff to quiet title to the same property. On appeal to this court the order of the trial court setting aside the default was affirmed. (*Pease* v. *City of San Diego,* 74 Cal.App.2d 929 [169 P.2d 973].)

The instant action, and that filed by the city against plaintiff, were set for trial on June 24, 1947, at which time the city repeated its motion to dismiss the instant action on the same grounds stated in its motion of October 13, 1944. The trial court granted the motion and on June 3, 1948, signed a judgment of dismissal in which the court found that the summons had not been served, and return thereon made within three years after the commencement of the action; that defendant city had not been absent from the state or secreted itself within the state to prevent service of summons upon itself within

said three years, and that no appearance was made in said action by said defendant city within said three years. It was ordered that the action be dismissed and it is from this judgment and order that plaintiff appeals.

■ The question presented is whether the city was entitled to a dismissal of plaintiff's action under the provisions of section 581a of the Code of Civil Procedure. We conclude that the question must be answered in the affirmative.

Section 581a, as far as applicable here, is as follows:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore and hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him."

The provisions of this section are mandatory and the court has no power other than to order a dismissal of the action. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *People* v. *Southern Pac. R. R. Co.,* 17 Cal.App.2d 257, 260 [61 P.2d 1184]; *City of San Jose* v. *Wilcox,* 62 Cal.App. 2d 224, 226, 227 [144 P.2d 636]; *Frohman* v. *Bonelli,* 91 Cal.App.2d 285, 287 [204 P.2d 890].) As was said in *Gonsalves* v. *Bank of America, supra*:

"The dismissal statute gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself. The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion

710

for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal. (Citing cases.)''

The summons was not returned in the instant case as required by section 581a. No answer, demurrer, or other pleading was filed, and no appearance was made by the city within three years after commencement of the action. It is not contended that the defendant was absent from the state or had secreted itself within the state to prevent service of summons. Under these circumstances the trial court had no jurisdiction to proceed with the case unless it can be said that the city voluntarily appeared generally, and thereby waived the objection. The general rule in this connection as stated in *Lacey* v. *Bertone,* 33 Cal.2d 649, 652 [203 P.2d 755], is that personal service of process may be waived, and that when a person voluntarily appears generally, he will be held to have waived the objection even though there was no service upon him. From the record before us we conclude that the motion to dismiss, being made upon the sole ground that the summons had not been returned within three years after the commencement of the action, was a special rather than a general appearance, within the meaning of the rule announced in the Lacey case, *supra,* and that there was no waiver of the city's right to a dismissal.

Section 581a provides that the action ''must be dismissed by the court . . . on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not.'' This language clearly indicates that unless the court took action on its own motion, the city, being an interested party, had the right to move the court to dismiss the action on the ground that it was not properly before the court. It should be noted in this connection that it was not necessary that the city be a party to the action to make such a motion. An examination of the contents of the motion filed shows that it was made and based on the sole ground that return of the summons was not made within three years after the commencement of the action and that the moving defendant has made no appearance in the action. The ground stated was that the defendant city was not properly before the court and obviously the city did not intend thereby to appear generally.

Whether an appearance is general or special is determined by the relief sought and if a defendant, by his appearance, insists only upon the objection that he is not in court for want of jurisdiction over his person, and confines his appearance for that purpose only, then he has made a special

appearance, but if he raises any other question or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he has made a general appearance. (*Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361].) As was said in *Brock* v. *Fouchy*, 76 Cal. App.2d 363, 370 [172 P.2d 945], in affirming a judgment of dismissal based on a motion made pursuant to section 581*a*, Code of Civil Procedure: "The rule with respect to appearance, whether general or special, may be decided when the filed documents are analyzed to determine if any affirmative relief may be granted on the merits as distinguished from a mere request for a dismissal based on a statutory provision."

In that case, as here, the motion to dismiss was based solely upon section 581*a* without reference to additional relief on the merits.

In *Frohman* v. *Bonelli, supra*, it was held that an appearance made only for the purpose of moving to dismiss an action on any one of the grounds specified in section 581*a* is made only on the hypothesis that the party is not properly before the court and is a special appearance and that to hold otherwise would emasculate the statute.

The city's motion under section 581*a* should have been granted at the time of the hearing thereon, however, the denial of the motion was not res judicata as it was not a final judgment on the merits. (*Gonsalves* v. *Bank of America, supra*, p. 173.) The issue raised thereby was not finally determined and the principle of res judicata was not applicable. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 213 [209 P.2d 387]; *Goddard* v. *Security Title Ins. & Guar. Co.*, 14 Cal.2d 47, 52 [92 P.2d 804].)

In its motion to set aside the default judgment and order, one of the grounds stated in the motion was that the default was entered prematurely and without authority of law, and in the answer which the court ordered filed the city set up as its first defense that the court was without jurisdiction to proceed with or try any of the issues in the complaint. We do not consider the filing of the answer by order of the court in the application to set aside the default a voluntary general appearance or a waiver of the objection to the jurisdiction of the court. Section 473 of the Code of Civil Procedure requires that the application must be accompanied by a copy of the answer or other pleading proposed to be filed and at the time the default was set aside by the trial court the question of

jurisdiction of the court to proceed with the action was specifically reserved for its further consideration. The record discloses that the city at no time waived its right to a judgment of dismissal based on noncompliance with the provisions of the code section involved. The city did not demand that the action proceed to trial or consent to the trial thereof, but on the contrary has at all times denied that the court had jurisdiction of the person of the defendant. Under such circumstances the court had no jurisdiction and properly dismissed the action at the time of trial. (*People v. Southern Pac. R. R. Co., supra*, pp. 261, 262.)

■ The contention of plaintiff that the denials, without opinions, of the writs of prohibition by the Supreme Court and this court were res judicata is without merit. (*State Board of Equalization* v. *Superior Court*, 20 Cal.2d 467, 471 [127 P.2d 4].) As was said in *McDonough* v. *Garrison*, 68 Cal.App.2d 318, 327 [156 P.2d 983]: "Even though a trial court may have entered interlocutory orders in excess of jurisdiction, an appellate court may assume the error will be corrected before the entry of a final order, and may refuse to interfere by prohibition. This possibility prevents such a denial of the writ without opinion from operating as res judicata in future proceedings."

Judgment and order affirmed.

Griffin, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 17, 1949. Carter, J., voted for a hearing.