[S. F. No. 21000.   In Bank.   June 7, 1962.]

THE 1880 CORPORATION, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ATLAS CORPORATION, Real Party in Interest.

Brobeck, Phleger & Harrison and Gregory A. Harrison for Petitioner.

No appearance for Respondent.

McCutchen, Doyle, Brown & Enersen and William W. Schwarzer for Real Party in Interest.

GIBSON, C. J.—The 1880 Corporation seeks a writ of mandate directing the superior court to order defendant Atlas

Corporation to respond to interrogatories. Service of summons and complaint was made on Atlas pursuant to court order by delivery to the Secretary of State, and Atlas filed a notice that it would appear specially and move to quash service of summons upon the ground that the superior court lacked personal jurisdiction. In support of the motion Atlas filed an affidavit stating that it is not and never has been engaged in business in California.

The 1880 Corporation then served the interrogatories, which were designed to ascertain facts relating to the question of jurisdiction. Atlas refused to answer, and this proceeding was commenced after the court denied a motion to compel answers.

Section 2030 of the Code of Civil Procedure provides: "(a) Any party may file and serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, or body politic, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served upon any adverse party at any time after service of the summons or the appearance of such adverse party and without leave of court, except that, if service of interrogatories is made by the plaintiff within 10 days after such service of summons or appearance, leave of court granted with or without notice must first be obtained. . . . (b) Interrogatories may relate to any matters which can be inquired into under subdivision (b) of Section 2016 of this code, and the answers may be used to the same extent as provided in subdivision (d) of Section 2016 of this code for the use of the deposition of a party. . . ."

Section 2016 of the Code of Civil Procedure provides: ". . . (b) . . . [T]he deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . (d) At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party. . . ."

The language of the statutes is broad and inclusive and permits interrogatories regarding any matters relevant to the pending action, including collateral matters to be decided upon motion. The word "appearance," set forth without qualification, is not limited to a general appearance, and Atlas, the moving party, is obviously an "adverse party" with respect to the motion to quash.

The facts relating to whether a corporation has been doing business in this state so as to make it amenable to suit under section 411, subdivision 2, of the Code of Civil Procedure are ordinarily within the knowledge of the officers of the corporation, and there is no sound reason why a plaintiff should be deprived of this source of information. Interrogatories which are relevant to the subject matter of a motion to quash are consistent with the character of a proceeding had upon a special appearance.

Atlas cannot be required to answer any question which is not relevant to the subject matter of the motion, and it should have the right to protect itself against oppressive interrogatories without making a general appearance.

This court has power, in carrying out the objectives of legislation, to determine what constitutes a special appearance. For example, it has been held that although an appearance for the purpose of a motion to dismiss is ordinarily general in character, a motion to dismiss pursuant to former section 581a of the Code of Civil Procedure did not constitute a general appearance because a contrary result would "emasculate" the statute. (*Pease* v. *City of San Diego*, 93 Cal.App.2d 706, 711 [209 P.2d 843] ; *Frohman* v. *Bonelli*, 91 Cal.App.2d 285, 291 [204 P.2d 890] ; *Brock* v. *Fouchy*, 76 Cal.App.2d 363, 371 [172 P.2d 954] ; see 1 Witkin, California Procedure (1954) 350-351.) The discovery statutes contain provisions authorizing the granting of relief against oppressive interrogatories (e.g., Code Civ. Proc., §§ 2030, subd. (b), 2019, subd. (b)), and a defendant should not be penalized for seeking the protection afforded by the legislation. Accordingly, we hold that objections to interrogatories upon the ground they are oppressive, made during the pendency of a motion to quash, do not constitute a general appearance.

The action of the trial court cannot be upheld on the ground that it had discretion to limit the hearing on the motion to affidavits. There is express statutory authorization, as we have seen, for the use of interrogatories on the hearing of a motion. Moreover, so far as appears, Atlas did not object to the interrogatories upon the ground that the hearing should be limited to affidavits. (See Code Civ. Proc., § 2030; *West Pico Furniture Co.* v. *Superior Court*, 56 Cal.2d 407, 413-414, 422 [15 Cal.Rptr. 119, 364 P.2d 295].)

Let a writ of mandate issue directing respondent court to set aside its order denying petitioner's motion and to enter an order requiring Atlas to answer the interrogatories or

object to them. The issuance of the writ shall not affect the trial court's power, as defined in the discovery statutes, to impose any reasonable safeguards or limitations with respect to the interrogatories.

Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.