[Civ. No. 44562. Second Dist., Div. Three. July 2, 1975.]

BERARD CONSTRUCTION COMPANY, INC.,
Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
B. PERCIN, Real Party in Interest and Respondent.

## COUNSEL

Kindel & Anderson, William J. Goines, Paul L. Freese, Mason H. Rose V and James P. Barber for Plaintiffs and Appellants.

No appearance for Respondent.

Kranitz & Sarrow and Stanley C. Imerman for Real Party in Interest and Respondent.

## OPINION

**POTTER, J.**—This is an appeal from an order of the superior court denying a petition for writ of mandate directed to respondent municipal court. Real party in interest B. Percin (hereinafter "plaintiff") filed a complaint for breach of contract[1] against appellants ("defendants") in respondent municipal court. Defendants moved to quash service of summons on the ground that the court lacked jurisdiction over them, to

---

[1]The complaint is in the municipal court file, of which judicial notice was properly taken by the superior court, pursuant to defendants' request (incorporated in the petition, which recites that "petitioners . . . will request the Respondent's clerk to transmit the file to this court for such notice"). We, therefore, deem the municipal court file a part of the record before the superior court which we have on our own motion included in the record on appeal. (Rule 12(a), Cal. Rules of Court.)

dismiss the complaint on the ground of inconvenient forum, and for an award of attorney's fees under Civil Code section 1717.[2] The municipal court determined that defendants had no presence in or contacts with this state sufficient to subject them to personal jurisdiction. However, the court further held: "The request for attorney's fee under CC 1717 by the defendants constitute [*sic*] a general appearance." The claim of inconvenient forum was rejected and the motions were denied. Defendants sought a writ of mandate from the superior court directing the respondent municipal court to quash service of summons, but their petition was denied (without written opinion). Defendants appeal from the superior court judgment (denial of the petition).

### Defendants' Motion for Attorney's Fees Did Not Constitute a General Appearance

Defendants' motion was made under section 418.10 of the Code of Civil Procedure, which provides as follows:

"(a) A defendant, on or before the last day of his time to plead or within such further time as the court may for good cause allow, may serve and file a notice of motion either or both:

"(1) To quash service of summons on the ground of lack of jurisdiction of the court over him.

"(2) To stay or dismiss the action on the ground of inconvenient forum.

"(b) Such notice shall designate, as the time for making the motion, a date not less than 10 nor more than 20 days after filing of the notice. The service and filing of the notice shall extend the defendant's time to plead

---

[2]Civil Code section 1717 reads as follows:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

The contract attached to the complaint provided that attorney's fees were recoverable by plaintiff in any action to enforce any of its provisions.

until 15 days after service upon him of a written notice of entry of an order denying his motion, except that for good cause shown the court may extend the defendant's time to plead for an additional period not exceeding 20 days.

"(c) If such motion is denied by the trial court, the defendant, within 10 days after service upon him of a written notice of entry of an order of the court denying his motion, or within such further time not exceeding 20 days as the trial court may for good cause allow, and before pleading, may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons or staying or dismissing the action. The defendant shall file or enter his responsive pleading in the trial court within the time prescribed by subdivision (b) unless, on or before the last day of his time to plead, he serves upon the adverse party and files with the trial court a notice that he has petitioned for such writ of mandate. The service and filing of such notice shall extend his time to plead until 10 days after service upon him of a written notice of the final judgment in the mandate proceeding. Such time to plead may for good cause shown be extended by the trial court for an additional period not exceeding 20 days.

"(d) No default may be entered against the defendant before expiration of his time to plead, and no motion under this section, or under Section 473 or 473.5 when joined with a motion under this section, or application to the court or stipulation of the parties for an extension of the time to plead, shall be deemed a general appearance by the defendant."

The provisions of this section, enacted in 1969, are legislatively drawn exceptions to the general rule that a party who appears in an action is thereby subject to the jurisdiction of the court. Subdivision (a)(1) recognizes the long-standing "special appearance" exception, under which a defendant may appear for the purpose of contesting the assertion of personal jurisdiction without thereby subjecting himself to the very jurisdiction he is challenging. Subdivision (a)(2) of section 418.10, however, states a new statutory exception. Absent this provision, defendants' motion to dismiss on the ground of inconvenient forum would have constituted a general appearance.[3]

[3]Section 418.10 was derived from former sections 416.1 through 416.3, which exempted only motions under section 473 made together with motions to quash for lack of jurisdiction from the rule that any relief sought beyond the challenge to personal jurisdiction constituted a general appearance. (Cf. § 418.10, subd. (d) exempting motions under §§ 473 and 473.5 "when joined with a motion under this section.")

"As stated in *Zobel* v. *Zobel,* 151 Cal. 98 [90 P. 191], it is the general rule that if an appearance is for any purpose other than to question the jurisdiction of the court it is general." (*Pfeiffer* v. *Ash,* 92 Cal.App.2d 102, 104 [206 P.2d 438]. See also *Milstein* v. *Ogden,* 84 Cal.App.2d 229, 235 [190 P.2d 312]; *Shelley* v. *Casa De Oro, Ltd.,* 133 Cal.App. 720, 723 [24 P.2d 900].)

Not only is a motion to dismiss on the ground of inconvenient forum a recent statutory creation, but it is also inconsistent with and necessarily phrased in the alternative to a motion to quash service for lack of jurisdiction. An "inconvenient forum" argument concedes jurisdiction, for it asks the court to decline to exercise the jurisdiction it constitutionally has. (See *Hadler* v. *Western Greyhound Racing Circuit,* 34 Cal.App.3d 1, 5 [109 Cal.Rptr. 502], quoting *Leet* v. *Union Pac. R. R. Co.,* 25 Cal.2d 605, 609 [155 P.2d 42, 158 A.L.R. 1008].)

Our Supreme Court said in *In re Clarke,* 125 Cal. 388, 392 [58 P. 22]: "On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. *On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case,* it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material." (Italics added.)

It is patent that in conceding jurisdiction and moving to dismiss on inconvenient forum grounds, defendants did much more than *In re Clarke* and related cases permit. But their so doing was statutorily exempt from being treated as a general appearance.

This exempt status of defendants' inconvenient forum motion is the underlying factor which impels us to disagree with the municipal and superior courts' treatment of defendants' application for attorney's fees.

We note, first, that if defendants' motion to quash service had been granted, the court would have been without power to award attorney's

fees. Civil Code section 1717, under which the claim for fees was made, authorizes their award only upon the rendering of a "final judgment." (See *Gray* v. *Kay,* 47 Cal.App.3d 562 [120 Cal.Rptr. 915]; see also *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.,* 33 Cal.App.3d 116, 120-121 [108 Cal.Rptr. 782].) The quashing of service would neither constitute nor authorize such a final judgment. Nor would there be any statutory authority for the award of attorney's fees, as costs, or of costs in general. (See *Gutting* v. *Globe Indemnity Co.,* 119 Cal.App. 288 [6 P.2d 298]; cf. *Ablett* v. *Hancock Oil Co.,* 10 Cal.App.2d 58 [50 P.2d 1077].)

On the other hand, the affirmative response to the inconvenient forum motion would be a judgment of dismissal. Such a dismissal would make a claim for attorney's fees under section 1717 timely (irrespective of the merits of the claim). Similarly, section 1031 of the Code of Civil Procedure states that "in municipal courts and justice courts[4] the prevailing party, *including a defendant as to whom the action is dismissed,* is entitled to his costs and necessary disbursements." (Italics added.) Thus a dismissal rendered by the court entitles the prevailing party to his costs. (See *Fisher* v. *Eckert,* 94 Cal.App.2d 890, 894 [212 P.2d 64]; see generally 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 85.) Attorney's fees awarded pursuant to section 1717 are deemed costs.[5]

---

[4]Section 1032 provides similarly for superior court actions.

[5]"Case law is consistent with this view. It has been judicially determined that the 'prevailing party's rights to attorneys' fees under section 1717 is a statutory right. (*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116, 120.) It has also been judicially determined that attorneys' fees awarded under Civil Code section 1717 are 'costs' similar to the situation under other statutes which provide for attorneys' fees in litigation and refer to them as costs. (*System Inv. Corp.* v. *Union Bank, supra,* 21 Cal.App.3d 137, 169 [98 Cal.Rptr. 735].) As such, the trial court properly could grant attorneys' fees as 'costs' to the 'prevailing' parties, Heller and Lawrence, that is, to the parties 'in whose favor final judgment is rendered.' [Fn. omitted.]" (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910].)

Defendants claimed attorney's fees under section 1717; we note the following language in *Gray* v. *Kay, supra,* 47 Cal.App.3d 562, 565-566: "Affirmative relief which defeats a dismissal is that which '. . . if granted, operates not as a defense but affirmatively and postively [*sic*] to defeat plaintiff's cause of action. . . .' (*Simpson* v. *Superior Court* (1945) 68 Cal.App.2d 821, 825 [158 P.2d 46].) It does not include a request for costs (*Silverton* v. *Free* (1953) 120 Cal.App.2d 389 [261 P.2d 17]) and by a parity of reasoning it should not include a request for attorney's fees. In light of the pleadings, respondent's entitlement to any attorney's fees in this case is based on statute. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64 [112 Cal.Rptr. 910]), and such fees therefore are costs. (*Id.,* at p. 62.)"

While the filing of a memorandum of costs (Code Civ. Proc., § 1033) after any dismissal or other final judgment would have sufficed, we see no reason to attach jurisdictional significance to the fact that defendants alerted the court to their intentions by moving for such fees when they did. Even the premature, unauthorized filing of a cost

An application for attorney's fees under section 1717, whether or not they are deemed costs, is thus an appropriate incident of a motion to dismiss on the ground of inconvenient forum. The application is no more inconsistent with the concept of special appearance than is the main motion, which is statutorily deemed not a general appearance. It would, moreover, defeat the purpose of that statutory exemption to hold that defendants may claim statutory rights appurtenant thereto only by surrendering their basic rights thereunder. A motion (under Code Civ. Proc., § 170.6) to disqualify the judge assigned to rule upon a motion to quash would likewise constitute a general appearance under a contrary standard, but it was quite properly observed in *Loftin* v. *Superior Court,* 19 Cal.App.3d 577, 579-580 [97 Cal.Rptr. 215]:

"If it were the law that a 170.6 challenge amounts to a general appearance a most unfair situation would result: the party making the motion to quash would have to accept whatever judge is assigned to hear the motion, while his opponent could elect to exercise his peremptory challenge. We discern no legislative intent that a party who moves to quash summons should be thus procedurally disadvantaged. On the contrary in 1955 the Legislature removed certain anomalies which case law had developed by the enactment of section 416.1 et seq. of the Code of Civil Procedure.[3] One of the anomalies which was abolished by the enactment of section 416.1 et seq. was the harsh rule that a defendant who sought relief from a default judgment on any ground other than lack of jurisdiction over his person, automatically waived the jurisdictional challenge.[4]

"Case law indicates a similar trend. Thus the rule of *Judson* v. *Superior Court,* 21 Cal.2d 11, 13-14 [129 P.2d 361], that a motion to dismiss under the five-year provision of section 583 of the Code of Civil Procedure constitutes a general appearance because the motion invokes affirmative action of the court to terminate the litigation, was overruled in *Goodwine* v. *Superior Court,* 63 Cal.2d 481, 484-485 [47 Cal.Rptr. 201, 407 P.2d 1], where the Supreme Court held that a challenge to the subject matter jurisdiction of the court, coupled with a challenge to its jurisdiction over the person of the defendant, does not constitute a general appearance."

---

bill would be "a mere irregularity" (*Parker* v. *City of Los Angeles,* 44 Cal.App.3d 556, 565-566 [118 Cal.Rptr. 687]), and "waived unless a motion is made to strike the cost bill." (4 Witkin, Cal. Procedure (2d ed. 1971) *supra,* Judgment, § 111.)

"[3]The 1955 legislation was revised, without substantive change, in 1969 as section 418.10 of the Code of Civil Procedure.

"[4]See former section 416.2 of the Code of Civil Procedure, reenacted in 1969 as section 418.10, subdivision (d)."

The trend discussed in *Loftin* is reflected clearly in subdivision (a)(2) of section 418.10. Before the recent enactment of this provision, a defendant challenging both the jurisdiction and convenience of the forum was faced with a Hobson's choice: either forgo making the alternative inconvenient forum motion or waive the jurisdictional objection by so doing. Now that the Legislature has obviated this choice, "a most unfair situation would result" if applying for the attorney's fees to which a defendant may be statutorily entitled as an incident of successfully making such a motion had the effect of establishing jurisdiction.

This rationale has been employed in other situations in which incidents of exempt proceedings have been held not to constitute general appearances. In *1880 Corp.* v. *Superior Court,* 57 Cal.2d 840 [22 Cal.Rptr. 209, 371 P.2d 985], objections to interrogatories relating to a pending motion to quash were held not to constitute a general appearance. The court said (57 Cal.2d at p. 843): "This court has power, in carrying out the objectives of legislation, to determine what constitutes a special appearance. For example, it has been held that although an appearance for the purpose of a motion to dismiss is ordinarily general in character, a motion to dismiss pursuant to former section 581a of the Code of Civil Procedure did not constitute a general appearance because a contrary result would 'emasculate' the statute. (*Pease* v. *City of San Diego,* 93 Cal.App.2d 706, 711 [209 P.2d 843]; *Frohman* v. *Bonelli,* 91 Cal.App.2d 285, 291 [204 P.2d 890]; *Brock* v. *Fouchy,* 76 Cal.App.2d 363, 371 [172 P.2d 945]; see 1 Witkin, California Procedure (1954) 350-351.) The discovery statutes contain provisions authorizing the granting of relief against oppressive interrogatories (e.g., Code Civ. Proc., §§ 2030, subd. (b), 2019, subd. (b)), and a defendant should not be penalized for seeking the protection afforded by the legislation. Accordingly, we hold that objections to interrogatories upon the ground they are oppressive, made during the pendency of a motion to quash, do not constitute a general appearance."

In *Fount Wip, Inc.* v. *Golstein,* 33 Cal.App.3d 184, 190 [108 Cal.Rptr. 732], this court rejected the argument that the defendant, who made an otherwise exempt motion to set aside a default judgment, generally appeared by moving to quash the writ of execution and levy of execution, moving for a continuance, and opposing the plaintiff's motion for a *nunc pro tunc* filing: "In California, of course, it is true that a defendant's general appearance after entry of judgment will be deemed to have cured retroactively any defect in personal jurisdiction that

existed at the time of judgment. (*Farmers etc. Nat. Bk.* v. *Superior Court,* 25 Cal.2d 842, 846 [155 P.2d 823]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, General Appearance After Entry of Judgment, § 131, pp. 659-660; Lurvey, *The Dilemma of Retroactivity,* 19 Hastings L.J. 541, 545-548.) However, even if we assume arguendo that defendant did not confine himself to a special appearance on the issue of jurisdiction, we hold, nonetheless, that defendant did not enter a general appearance and did not expose himself to the personal jurisdiction of the court: 'If, in a proceeding begun by attachment . . . in a court which has no jurisdiction over the defendant, he enters an appearance for the purpose of contesting the validity of the plaintiff's claim, he does not thereby subject himself personally to the jurisdiction of the court . . . .'[8] (Rest., Judgments (1942) § 40; *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14 [112 N.E. 500]; Smit, *International Res Judicata and Collateral Estoppel in the United States,* 9 U.C.L.A. L.Rev. 44, 60-61, 70-71; Currie, *Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine,* 9 Stan.L.Rev. 281, 303-304.)"

·All the above considerations require the conclusion that the application for attorney's fees was a proper incident of the motion to dismiss on the ground of inconvenient forum and did not deprive that motion of its exempt status.

Defendants did not expressly limit their application for attorney's fees to the situation where their inconvenient forum motion was granted. Had they done so, it would be clear that defendants had not generally appeared. The question arises whether their failure to so limit the application requires a contrary result. We conclude that it does not. Neither fees nor costs in general could have been recovered upon the granting of a motion to quash. The general application for fees should be reasonably construed as seeking such fees only in the situation in which the court would be authorized to award them, that is, upon granting the motion to dismiss.

While we cannot sanction, as did the court in *Kingsley* v. *Great Northern Ry. Co.,* 91 Wis. 380 [64 N.W. 1036], the award of costs upon granting of a motion to set aside service of process, the following passage from that case is pertinent and soundly reasoned: "In the present case the defendant asked that the service of the summons be set aside, and

---

"[8]The results of *Hodgkins* v. *Dunham* (1909) 10 Cal.App. 690 [103 P. 351] and *Nisbet* v. *Clio Mining Company* (1905) 2 Cal.App. 436 [83 P. 1077] may be inconsistent with this view, in which case we do not follow them."

'the action be dismissed, with costs,' and, in a subsequent part of the notice, such relief is asked, 'with the costs of motion.' The defendant did not ask for *costs of the action,* but, in effect, for proper and rightful costs in consequence. It is not denied but that the defendant might have costs of the motion upon granting the relief prayed, and we think it would be going too far to construe the present notice as an application for relief which the court could grant only in case it had jurisdiction of the subject matter and of the defendant, and, therefore, by a refined and exceedingly technical construction, was a waiver of that want of jurisdiction upon which it was expressly and constantly insisting. *The claim for costs must be construed as a claim only for such costs as the court might properly grant* on setting aside the service of the summons, and, therefore, was not a waiver of the objection or a general appearance." (Italics added.) (91 Wis. at pp. 385-386 [64 N.W. at p. 1037].)

The conclusion of the municipal court that the request for attorney's fees under section 1717 constituted a general appearance was, therefore, erroneous. The holding in this respect, however, does not require a reversal of the judgment of the superior court with respect to defendant Berard Construction Co., Inc., though it does require reversal as to defendant Rene J. Berard. The superior court judgment with respect to defendant corporation is supported by adequate evidence that it expressly consented to jurisdiction of the California courts in the contract sued upon. On the other hand, defendant Rene J. Berard was sued upon a separate contract whereby he guaranteed the company's obligation; that contract contained no such consent to jurisdiction.

*Defendant Corporation Consented to*
*Jurisdiction of the California Courts*

Paragraph 12 of the contract between plaintiff and defendant corporation upon which the suit was based provides as follows:

"12. CONSTRUCTION, VENUE AND ATTORNEY'S FEES: This lease constitutes the entire agreement between the parties, and each party acknowledges that the other has made no representations, warranties, conditions, or provisions which are not incorporated herein. This agreement may not be modified except by writing executed by both parties. This lease is executed in Los Angeles, California, and shall be construed under the laws of the State of California, *and the parties hereto agree that any action relating to this lease shall be instituted and prosecuted*

*in the courts in Los Angeles County* and each party waives the right to change of venue. In the event of suit brought by Lessor to enforce any provisions of this lease, or suit by or against Lessor by reason of failure of Lessee to perform hereunder, Lessor shall be paid its reasonable attorney's fees and all costs incurred." (Italics added.)

Respondent municipal court termed the third sentence of paragraph 12 "a venue provision, not a jurisdiction provision." The superior court denied defendants' petition without comment. Such denial was not erroneous if this provision constituted a consent to jurisdiction.

The provision that "any action relating to this lease shall be instituted and prosecuted in the courts in Los Angeles County" is an unequivocal consent to the jurisdiction of the California courts. The waiver of the "right to change of venue" does not detract from the effect of this consent; it merely precludes either party from seeking to change the place of trial to another court of this state. Consequently, if this provision was valid, and if no adequate defense against its enforcement was raised by defendant corporation, the superior court's judgment should be affirmed as to that defendant.

■ "[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." (*National Rental* v. *Szukhent* (1964) 375 U.S. 311, 315-316 [11 L.Ed.2d 354, 358, 84 S.Ct. 411]. See also *The Bremen* v. *Zapata Off-Shore Co.* (1972) 407 U.S. 1 [32 L.Ed.2d 513, 92 S.Ct. 1907].)

■ While subject matter jurisdiction cannot be conferred by consent, personal jurisdiction can be so conferred, and consent may be given by a contract provision (See Judicial Council com. to Code Civ. Proc., § 410.10 14 West's Ann. Code Civ. Proc., pp. 466-467, 478; 16 Cal.Jur.3d pp. 141-144.)

In *Frey & Horgan Corp.* v. *Superior Court,* 5 Cal.2d 401 [55 P.2d 203], a contract provided that California law was to govern any disputes arising thereunder, and that such disputes were to be arbitrated in San Francisco. The court held that this provision constituted a consent to California jurisdiction. (See also Code Civ. Proc., § 1293; *Atkins, Kroll & Co.* v. *Broadway Lbr. Co.,* 222 Cal.App.2d 646 [35 Cal.Rptr. 385, .12 A.L.R.3d 880].) In the instant case, paragraph 12 of the contract contained a much more explicit consent than that found to be adequate

in *Frey & Horgan Corp.* While the boldface heading was not fully descriptive, the text of the paragraph left no room for doubt.

In respondent municipal court plaintiff asserted that paragraph 12 constituted consent to jurisdiction. The only response to that assertion was a supplemental affidavit of Rene Berard in support of the motions. In that affidavit he makes the following statements about paragraph 12: "After the filing of the lawsuit, my attorneys, for the first time, called to my attention Paragraph 12 in the small print on the back of the lease agreement. . . . I did not 'execute' this lease in California. At the time I signed this lease in Vermont for Berard, Paragraph 12 had not been called to my attention by anyone nor was it called to the attention of any other person representing Berard. I did not know the contents of Paragraph 12 at the time I signed the lease, and I would not have signed the lease if I thought that it would require Berard to prosecute or defend lawsuits in the State of California. Berard did not consult an attorney concerning the terms and execution of this lease."

No factual showing was made that would support any claim that this was a contract of "adhesion" or that there was any legally cognizable excuse for Mr. Berard's failure to read in full the document he signed. Mr. Berard stated only that no one called his attention to the provision in question, and that if he had read it he would not have signed the contract.

One who signs a contract must exercise, in doing so, the care of a reasonably prudent person in the circumstances. If he has failed to read it, its provisions bind him nevertheless, unless he can offer "a satisfactory explanation of his failure to read it." (*Taff* v. *Atlas Assur. Co.,* 58 Cal.App.2d 696, 702 [137 P.2d 483]; cf. *Federico* v. *Frick,* 3 Cal.App.3d 872, 875 [84 Cal.Rptr. 74].) As in *Miller* v. *Lantz,* 9 Cal.2d 544, 548 [71 P.2d 585], there is no showing that Mr. Berard "was prevented from reading the contract or from fully comprehending the meaning of the language used." In addition, also as in *Miller,* the affidavit "pleads a simple unilateral mistake, and in the absence of adequate allegations of knowledge thereof on the part of plaintiff [], it is insufficient."

Because defendant Berard Construction Co., Inc., consented to jurisdiction in paragraph 12, and has neither questioned the contract nor offered a satisfactory excuse for the claim that neither Mr. Berard nor any other officer read the subject paragraph, the evidence supports the superior court's judgment as against the company.

*Defendant Rene J. Berard Did Not
Consent to the Jurisdiction of the
California Courts*

■ Defendant Rene J. Berard was the president of defendant Berard Construction Co., Inc. Plaintiff's inclusion of Mr. Berard as a defendant was based upon the latter's written agreement guaranteeing the company's obligations. This guaranty, however, was expressly made an obligation "independent" of the lease, and it contains no consent to jurisdiction. It only provides that "[t]his guaranty shall be governed by and construed in accordance with the laws of the State of California." This provision does not constitute a consent to jurisdiction. There was, therefore, no basis for the superior court's denial of the petition for writ of mandate to quash service of process upon defendant Rene J. Berard.

The judgment of the superior court is affirmed as to defendant Berard Construction Co., Inc., only. The judgment is reversed as to defendant Rene J. Berard, and as to him the cause is remanded to the superior court, with directions to issue a peremptory writ of mandate directing the respondent municipal court to quash service of process upon Mr. Berard individually. Plaintiff, B. Percin, shall recover costs of this appeal, as against defendant Berard Construction Co., Inc. Defendant Rene J. Berard shall not recover costs.

Allport, Acting P. J., and Cobey, J., concurred.