Filed 9/17/24  Rodriguez v. U.S. Healthworks CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CATRINA R. RODRIGUEZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> U.S. HEALTHWORKS, INC., et al., <br><br> Defendants and Respondents. | A168143 <br><br> (Alameda County <br> Super. Ct. No. RG17879760) |

Catrina R. Rodriguez filed this class action against her previous employer, U.S. Healthworks, Inc. (Healthworks), for acquiring a consumer report about her after giving her allegedly deficient notice under the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681b(b)(2)(A), hereafter section 1681b(b)(2)(A)).  The trial court granted summary judgment to Healthworks based on the statute of limitations.  Rodriguez argues the statute of limitations has not run because she did not have constructive notice that Healthworks ever actually obtained a consumer report, or background check, about her.  We affirm.

## I.  BACKGROUND

On July 16, 2013, Rodriguez applied for employment with Healthworks through an online employment application.  As part of her application, Rodriguez had to review and electronically sign a "Certification," a "Notice and Disclosure Statement" (Disclosure Statement), a "Release

Authorization," and an "Application Statement" (Application Statement). Each of these documents appeared as a separate webpage, that required Rodriguez to click "Submit and Continue" or "Save and Return to Previous Page" in order to navigate between them.

The Disclosure Statement provided: "In connection with your application for employment, we may procure a consumer report on you as part of the process of considering your candidacy as an employee. In the event that information from the report is utilized in whole or in part in making an adverse decision with regard to your potential employment, before making the adverse decision, we will provide you with a copy of the consumer report and a description in writing of your rights under the law.

"Please be advised that we may also obtain an investigative report including information as to your character, general reputation, personal characteristics, and mode of living. This information may be obtained by contacting your previous employers or references supplied by you. We may also obtain information about your driving history by searching motor vehicle records. Please be advised that you have the right to request, in writing, within a reasonable time, that we make a complete and accurate disclosure of the nature and scope of the information requested. Such disclosure will be made to you within 5 days of the date on which we receive the request from you or within 5 days of the time the report was first requested.

"The Fair Credit Reporting Act gives you specific rights in dealing with consumer reporting agencies. You will find these rights summarized on the 'Summary of Your Rights under the Fair Credit Reporting Act' document. Click here to view. A Summary of Your Rights Under the Provisions of California Civil Code Section 1786.22. Click here to view. [¶] . . . [¶]

"By selecting 'I Agree', you hereby authorize us to obtain a consumer report and investigative consumer report about you, including, but not limited to, motor vehicle records and criminal history records, in order to consider you for employment." Rodriguez selected "I Agree" on the Disclosure Statement.

Similarly, the Application Statement required the applicant to review text adjacent to six bullet points, including "I understand and agree that any job offer is contingent upon the successful completion of a background check to include motor vehicle report, credit report and criminal records report" and "I understand and agree that any job offer is conditional and will be contingent upon satisfactory results of a post offer medical examination and providing a negative drug test before the commencement of my work duties." Again, Rodriguez selected "I Agree" on the Application Statement.

The next day, Healthworks sent Rodriguez an offer of employment. The letter stated, among other things, that the "offer of employment [was] contingent on" "[s]atisfactory drug screen results" and a "satisfactory background and reference check."

On July 24, 2013, Healthworks ordered a background check on Rodriguez, which was completed the following day. Rodriguez passed the background check and was hired.

On Rodriguez's first day of work, July 26, 2013, she signed and dated a "New Associate Checklist" (New Associate Checklist). On the checklist, Rodriguez acknowledged that she received and reviewed the offer letter and that her preemployment screening was satisfactorily completed.

Rodriguez's employment with Healthworks ended on April 4, 2016.

In October 2017, Rodriguez filed this class action in Alameda County Superior Court against Healthworks and U.S. Healthworks Medical Group,

Prof. Corp. (Medical Group),[1] alleging violations of the FCRA and other similar claims under California law. Healthworks successfully removed the suit to federal district court. The district court denied Rodriguez's motion to remand and granted Healthworks's motion for summary judgment based on the applicable statute of limitations. (*Rodriguez v U.S. Healthworks, Inc.* (N.D.Cal. 2019) 388 F.Supp.3d 1095, reversed on other grounds in *Rodriguez v. U.S. Healthworks, Inc.* (9th Cir. 2020) 813 Fed.Appx. 315 (*Rodriguez II*).)

Rodriguez appealed. The Ninth Circuit reversed, holding Rodriguez did not have article III standing, and remanded with instructions that the matter be returned to state court. (*Rodriguez II*, *supra*, 813 Fed.Appx. at p. 316.)

After the federal remand, Rodriguez filed a first amended complaint, with a single cause of action alleging violation of the FCRA for failure to give proper notice. Healthworks moved for summary judgment or adjudication. The trial court granted the motion, finding Rodriguez's claim barred by the two-year statute of limitations.

## II. DISCUSSION

"Congress enacted the FCRA in 1970 in response to concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions. [Citation.] Specifically, Congress recognized the need to 'ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.' [Citation.] Congress thus required the use of reasonable procedures in

---

[1] Medical Group is a physician-owned entity that contracts with Healthworks for various services. Medical Group also moved for summary adjudication, which the trial court granted because Medical Group never hired Rodriguez or obtained a consumer report about her. Rodriguez does not contest this portion of the ruling.

4

procuring and using a 'consumer report.' " (*Syed v. M-I, LLC* (9th Cir. 2017) 853 F.3d 492, 496 (*Syed*).)

"Congress amended the FCRA in 1996. [Citation.] . . . Congress was specifically concerned that prospective employers were obtaining and using consumer reports in a manner that violated job applicants' privacy rights. [Citation.] The disclosure and authorization provision codified at 15 U.S.C. § 1681b(b)(2)(A) was intended to address this concern by requiring the prospective employer to disclose that it may obtain the applicant's consumer report for employment purposes and providing the means by which the prospective employee might prevent the prospective employer from doing so—withholding of authorization." (*Syed, supra*, 853 F.3d at p. 496.)

Hence, an employer may not procure, or cause to be procured, a consumer report with respect to any prospective employee unless "(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and [¶] (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person." (§ 1681b(b)(2)(A).) "However, a prospective employer does not violate Section 1681b(b)(2)(A) by providing a disclosure that violates the FCRA's disclosure requirement. [Citations.] The employer violates the FCRA only where, after violating its disclosure procedures, it 'procure[s] or cause[s] to be procured' a consumer report about the job applicant." (*Syed, supra*, 853 F.3d at p. 506.)

"FCRA requires a plaintiff to bring an action within the earlier of '(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for [the employer's] liability; or (2) 5 years after the date on which

5

the violation that is the basis for such liability occurs.' " (*Syed*, *supra*, 853 F.3d at p. 506, quoting 15 U.S.C. § 1681p.) The date of discovery, as used in the statute, "encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." (*Merck & Co. v. Reynolds* (2010) 559 U.S. 633, 648 (*Merck*).) Thus, the statute of limitations begins to run when "a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation."[2] (*Merck*, at p. 653.)

"[T]he ultimate burden is on the defendant to demonstrate that a reasonably diligent plaintiff would have *discovered* the facts constituting the violation." (*Strategic Diversity, Inc. v. Alchemix Corp.* (9th Cir. 2012) 666 F.3d 1197, 1206.) Healthworks must "demonstrate how a reasonably diligent plaintiff . . . would have discovered the violations" to trigger the statute of limitations. (*Ibid.*) We review the trial court's decision to grant summary judgment de novo. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67–68.)

Here, Rodriguez reviewed and agreed to the Disclosure Statement, which authorized Healthworks to obtain a background check on her. On the Application Statement, Rodriguez agreed that "any job offer is also contingent upon the successful completion of a background check." The letter

---

[2] Rodriguez argues the FCRA statute of limitations should be interpreted to require "actual knowledge," and compares it to the statute of limitations in the Employee Retirement Income Security Act of 1974 (ERISA; 29 U.S.C. § 1001 et seq.). The statutory language of the FCRA does not require actual knowledge, as explicitly required under ERISA, and such an interpretation is contrary to established case law. (*Drew v. Equifax Information Services, LLC* (9th Cir. 2012) 690 F.3d 1100, 1109 [applying constructive discovery into FCRA statute of limitations].)

6

offering her employment also stated that the offer was contingent on a satisfactory background check. When she signed the New Associate Checklist, Rodriguez acknowledged that the preemployment screening was satisfied. These facts show that as of July 26, 2013, Rodriguez knew that her job offer was conditional on preemployment screening, namely the background check, and that her screening had been satisfactorily completed. After reviewing the information contained in the New Associate Checklist, "a reasonably diligent plaintiff would have discovered 'the facts constituting the violation.'" (*Merck, supra*, 559 U.S. at p. 653.) Since Rodriguez filed this suit in October 2017, more than four years after discovering the violation, it is barred by the two-year statute of limitations. (15 U.S.C. § 1681p.)

Additional federal authority supports our position. *Ruiz v. Shamrock Foods Company* (C.D.Cal. Aug. 22, 2018, No. 2:17-cv-06017-SVW-AFM) 2018 WL 5099509 (*Ruiz*) and *Berrellez v. Pontoon Solutions, Inc.* (C.D.Cal. Oct. 13, 2016, No. 2:15-cv-01898-CAS(FFMx)) 2016 WL 5947221 (*Berrellez*) each discussed application of the FCRA statute of limitations. In *Ruiz*, the district court stated the plaintiff's FCRA claims were barred by the statute of limitations because the offer of employment was conditioned on the results of a background check. (*Ruiz*, at p. *6, fn. 6.) Similarly, in *Berrellez*, the district court found the plaintiffs' FCRA claims were barred by the statute of limitations because, in part, they filled out a consent form that requested consent to be fingerprinted and for preparation of a consumer report. (*Berrellez*, at pp. *2, *6–*7.)[3] Even if these cases were decided on standing grounds and the conclusions on the statute of limitations were not central to

---

[3] Both unpublished cases were subsequently affirmed by the Ninth Circuit on standing grounds without addressing the statute of limitations issue. (*Ruiz v. Shamrock Foods Company* (9th Cir. 2020) 804 Fed.Appx. 657; *Berrellez v. Pontoon Solutions, Inc.* (9th Cir. 2019) 775 Fed.Appx. 357.)

the holdings, we may consider these cases as persuasive authority, particularly because we are dealing with a federal statute and highly similar factual circumstances. (See *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1155, fn. 6 [unpublished federal cases can be considered persuasive authority].)

Rodriguez's arguments to the contrary are unconvincing. First, Rodriguez contends the New Associate Checklist does not prove she actually received the offer of employment. This argument is unsupported by the facts. Had Rodriguez not received the offer, she would not have accepted it and become employed by Healthworks. Moreover, when she signed the New Associate Checklist, she acknowledged receiving and reviewing the offer letter. (See *Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 722 [one must exercise "the care of reasonably prudent person" in signing contract and read the document].)

Next, Rodriguez argues the offer letter and the Application Statement conditioned her employment on various other events that never occurred such as a medical exam, a drug test, and a background check to include vehicle records and a credit report. However, the fact that these checks were not performed does nothing to undermine the facts showing that Rodriguez consented to Healthworks obtaining her consumer report, that her offer of employment was contingent on the background check, and that she acknowledged her preemployment screening was satisfactorily completed. Taken together these facts establish that Rodriguez had constructive knowledge a background check was obtained when she was hired.

Rodriguez also argues that she never received a copy of the background check prior to filing this lawsuit, that the Disclosure Statement and the Application Statement conflict, and that the New Associate Checklist did not

8

inform her the background check was obtained. It is undisputed that Rodriguez never received a copy of the background check. If she had, she would have actual knowledge that it was obtained. Additionally, the Disclosure Statement's provision that Healthworks *may* obtain a background check is not irreconcilable with the later advisement in the Application Statement and offer letter that the job offer was contingent on the background check. Moreover, Rodriguez acknowledged that she had satisfactorily completed the preemployment screening, which included the background check, when she signed the New Associate Checklist. Under this scenario, a reasonably diligent plaintiff would have discovered the fact that their employer obtained a consumer report, in this case the background check, before they were hired. (*Merck, supra*, 559 U.S. at p. 653.)

Finally, Rodriguez argues that both *Ruiz* and *Berrellez* rely on the faulty premise that an employer's stated intention to perform certain prescreening checks does not mean they were performed. As far as it goes, we agree with this statement. Here, however, Healthworks not only stated its intention to perform a background check, but it provided notice that the check was performed. Healthworks has demonstrated that Rodriguez should have known, and a reasonably diligent plaintiff would have known, that a background check was obtained by her first day of employment. Therefore, Rodriguez's claim is barred by FCRA's two-year statute of limitations.

In light of our conclusion, we do not reach the parties' remaining arguments.

### III. DISPOSITION

The judgment is affirmed. Healthworks is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

9

SIGGINS, J.[*]


WE CONCUR:


HUMES, P. J.


BANKE, J.


A168143
*Rodriguez v. U.S. Healthworks, Inc.*

---

[*] Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.